IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:06CR31-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| DANNY LEE HALL | ) | |

**THIS MATTER** is before the Court on the Defendant's appeal from the denial by the Magistrate Judge of his motion for reconsideration of release pending sentencing.

## I. PROCEDURAL HISTORY

The Defendant was indicted on April 4, 2006, with conspiring to manufacture and possess with intent to distribute 500 grams or more of methamphetamine. **Bill of Indictment, filed April 4, 2006.** The indictment specifically alleged that the offense created a substantial risk of harm to others and the environment because it involved the manufacture of methamphetamine. *Id.* On June 22, 2006, the Defendant entered into a

plea agreement with the Government pursuant to which he pled guilty to the bill of indictment and agreed that he was responsible for more than 350 grams but less than 500 grams of methamphetamine.  **Plea Agreement, filed June 22, 2006.**  The Defendant, therefore, faces a mandatory minimum sentence of 10 years and not more than life imprisonment.  **21 U.S.C. § 841(b)(1)(A)(viii).**

Citing the Defendant's admitted involvement with manufacturing methamphetamine and his past criminal history, including his convictions for assault on a female, the Magistrate Judge ordered him detained pending trial.  After he entered into the plea agreement with the Government, the Defendant moved the Magistrate Judge to reconsider release pending sentencing.  By written order, the Magistrate Judge declined to order conditions of release.  **Order, filed August 1, 2006.**

## II.  STANDARD OF REVIEW

> The judicial officer *shall order* that a person who has been found guilty of an offense [for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act] and is awaiting imposition or execution of sentence be detained unless –

        (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
        (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
        (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

**18 U.S.C. § 3143(a)(2) (emphasis added).**

### III. DISCUSSION

The Defendant cannot meet the requirements of this statute. While he argues that some of his co-Defendants have been released after entering into plea agreements, a review of the docket shows that most of those co-Defendants completed Jail Based Intensive Treatment programs for drug abuse. The fact remains that under the statutory language, the Defendant cannot show that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that the Government has recommended that no sentence of imprisonment be imposed. This Court is, therefore, required to order detention pending sentencing, as the language of the statute is mandatory.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's appeal is hereby **DENIED,** and the Magistrate Judge's Order of Detention is hereby **AFFIRMED**.

Signed: August 11, 2006

Lacy H. Thornburg
United States District Judge