# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:06-cr-00031-MR-DLH-4

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| **DANNY LEE HALL,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's "Motion to Terminate Probation" [Doc. 392].

The Defendant pleaded guilty to one count of conspiracy to manufacture and to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced on May 3, 2007 to a term of 130 months' imprisonment to be followed by four years of supervised release. [Doc. 233].

The Defendant commenced his term of supervised release on October 2, 2015. On April 12, 2017, his supervising probation officer filed a petition for revocation of his supervised release, based on an alleged new law violation and a positive drug screen. [Doc. 374]. At a preliminary hearing,

the Court dismissed the new law violation count for lack of probable cause. Thereafter, the Government moved to dismiss the revocation petition, noting that revocation of supervised release is not usually based solely upon one failed drug screen. [Doc. 383]. The Court granted the Government's motion to dismiss on June 22, 2017. [Doc. 384].

The Defendant now moves the Court to exercise its discretion and terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). [Doc. 392].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In the present case, the Defendant has completed a little more than half of his 48-month term of supervised release. Defendant asserts that he is "a changed man with a different outlook on life." [Id. at 5]. While this is a very positive development, it appears that Defendant has failed a drug screen within the past year. In this regard, Defendant has been connected to very valuable services through the Probation Office. For these reasons it appears to the Court that continuing supervision would be in Defendant's best

interests at this time. Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Termination of Probation" [Doc. 392] is **DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on counsel for the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.** Signed: January 8, 2018

Martin Reidinger
United States District Judge