# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:06-cr-00031-MR-WCM-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DANNY LEE HALL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Immediate Release under First Step Act of 2018" [Doc. 514] and the Defendant's "Motion to Expedite Petitioner's First Step Act Motion" [Doc. 515].

The Defendant is currently serving a seven-month term of imprisonment on a supervised release violation. [See Doc. 511]. In his first motion, the Defendant challenges the computation of his sentence credit by the Bureau of Prisons, arguing that he is entitled to approximately 78 days of retroactive good time on his original sentence pursuant to the First Step Act of 2018. [Doc. 514]. In light of his upcoming release date in May 2020, the Defendant moves for an expedited ruling on his motion. [Doc. 515].

The Attorney General, not the sentencing court, is responsible for computing a prisoner's sentence credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); United States v. Lowe, No. 1:15CR11-1, 2019 WL 3858603, at *3 (M.D.N.C. Aug. 16, 2019).

Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons. Once his BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Immediate Release under First Step Act of 2018" [Doc. 514] is **DENIED**, and

the Defendant's "Motion to Expedite Petitioner's First Step Act Motion" [Doc. 515] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed on March 9th, 2020

Martin Reidinger
United States District Judge